

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2008

# Yahya Bicaksiz v. Charles Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1344

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Yahya Bicaksiz v. Charles Samuels" (2008). *2008 Decisions.* Paper 1120.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1120

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-106                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1344
_____

YAHYA BICAKSIZ,
                    Appellant

v.

CHARLES E. SAMUELS, Warden, FCI Fort Dix

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil No. 05-cv-005915
(Honorable Noel L. Hillman)

_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2008
Before:  SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

(Filed:  May 28, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Yahya Bicaksiz appeals from an order of the United States District Court for the

District of New Jersey dismissing his habeas corpus petition for lack of jurisdiction.

Because the appeal does not present a substantial question, we will summarily affirm the

judgment of the District Court.

Following a jury trial in the United States District Court for the Eastern District of New York, Bicaksiz was convicted of one count of conspiracy to travel in interstate commerce with intent to commit murder and one count of travel in interstate commerce with intent to commit murder, both counts in violation of 18 U.S.C. § 1958. On October 2, 1998, he was sentenced to a term of 215 months' imprisonment. The United States Court of Appeals for the Second Circuit affirmed the conviction on direct appeal and the United States Supreme Court denied Bicaksiz's petition for writ of certiorari. Bicaksiz then filed a motion under 28 U.S.C. § 2255 to vacate his sentence. The sentencing court denied the motion, and the Second Circuit denied his request for a certificate of appealability. On December 21, 2005, while incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey, Bicaksiz filed a petition for a writ habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. In the § 2241 petition, he challenges his sentence on the grounds that it was calculated in violation of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), and he also claims that he is actually innocent of the crimes for which he was convicted. The District Court issued an order on August 10, 2007, dismissing the § 2241 petition for lack of jurisdiction, and Bicaksiz filed a timely appeal from that order. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and review the District Court's judgment de novo. See Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002).

2

Motions pursuant to § 2255 "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Id. at 120. A prisoner may bring such a challenge in a petition under § 2241 only where the remedy provided under § 2255 is inadequate or ineffective to test the legality of the detention. See § 2255(e); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). A motion under § 2255 is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. We have explained that a prisoner may resort to § 2241 only in extremely limited circumstances, such as when an intervening change in law has decriminalized the conduct underlying the petitioner's conviction. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

We agree with the reasons given by the District Court for dismissing the petition. First, Bicaksiz has not shown that § 2255 is inadequate or ineffective to test the legality of his sentence under Booker and Blakely. See Okereke, 307 F.3d at 120-21 (holding that petitioner was not permitted not proceed under § 2241 with sentencing claim based on Supreme Court's intervening decision in Apprendi v. New Jersey, 530 U.S. 466 (2000)). In addition, he has not shown that he is entitled to relief on his actual innocence claim, since that claim is not supported by any new evidence that was unavailable at trial.

Because the appeal does not present a substantial question, we will summarily affirm the

judgment of the District Court pursuant to Third Cir. L.A.R. 27.4 and I.O.P. 10.6.